IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562015CA000532 (AN)

MIRLANDE VIRGIL,
ANTONIO VIRGILE,
ANTOINETTE VIRGILE,
and YVANE LAURENT

      Plaintiffs,

vs.

PETER GENEST,
CROSSROADS TRUCKING CORP.,
and DREAMLAND AMUSEMENTS, INC.,

      Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiffs, MIRLANDE VIRGIL, ANTONIO VIRGILE, ANTOINETTE VIRGILE and YVANE LAURENT, by and through the undersigned attorney, and hereby sues the Defendant's, PETER GENEST, CROSSROADS TRUCKING CORP. and DREAMLAND AMUSEMENTS, INC., and in support thereof, alleges:

1. That this is an action in excess of the minimal Jurisdiction requirements of this Court, to wit FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs.

2. That at all times material hereto, the Plaintiff, MIRLANDE VIRGIL, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

3. That at all times material hereto, the Plaintiff, ANTONIO VIRGILE, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4. That at all times material hereto, the Plaintiff, ANTOINETTE VIRGILE, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.



EXHIBIT

A2

5.     That at all times material hereto, the Plaintiff, YVANE LAURENT, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

6.     That at all times material hereto, the Defendant, PETER GENEST, was a resident of Rockingham County, New Hampshire and is otherwise *sui juris*.

7.     That at all times material hereto, the Defendant, DREAMLAND AMUSEMENTS, INC. ("DREAMLAND AMUSEMENTS"), was a corporation doing business in St. Lucie County and is otherwise *sui juris*.

8.     That at all times material hereto, the Defendant, CROSSROADS TRUCKING CORP. ("CROSSROADS TRUCKING"), was a corporation doing business in St. Lucie County and is otherwise *sui juris*.

9.     That the accident upon which this Complaint is based occurred in St. Lucie County, Florida. Location of accident: Florida Turnpike (S.R. 91) at mile marker 145.

### COUNT I – NEGLIGENCE
### MIRLANDE VIRGIL v. PETER GENEST and DREAMLAND AMUSEMENTS

That Plaintiff, MIRLANDE VIRGIL, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

10.     That all times material hereto, the Defendant, DREAMLAND AMUSEMENTS, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

11.     That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, DREAMLAND AMUSEMENTS, with their implicit and/or explicit knowledge and/or permission.

12.    That on or about January 31, 2014, Plaintiff, MIRLANDE VIRGIL, was the driver of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

13.    That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, DREAMLAND AMUSEMENTS', subject vehicle, collided with the vehicle in which Plaintiff, MIRLANDE VIRGIL was driving.

14.    That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, MIRLANDE VIRGIL was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature and the Plaintiff, MIRLANDE VIRGIL, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, MIRLANDE VIRGIL, prays for entry of a Judgment against the Defendants, PETER GENEST and DREAMLAND AMUSEMENTS, INC., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT II – NEGLIGENCE
### ANTONIO VIRGILE v. PETER GENEST and DREAMLAND AMUSEMENTS

That Plaintiff, ANTONIO VIRGILE, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

15.    That all times material hereto, the Defendant, DREAMLAND AMUSEMENTS, owned

controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

16. That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, DREAMLAND AMUSEMENTS, with their implicit and/or explicit knowledge and/or permission.

17. That on or about January 31, 2014, Plaintiff, ANTONIO VIRGILE, was the passenger of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

18. That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, DREAMLAND AMUSEMENTS', subject vehicle, collided with the vehicle in which Plaintiff, ANTONIO VIRGILE was a passenger.

19. That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, ANTONIO VIRGILE was injured in and about his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature and the Plaintiff, ANTONIO VIRGILE, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, ANTONIO VIRGILE, prays for entry of a Judgment against the Defendants, PETER GENEST and DREAMLAND AMUSEMENTS, INC., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT III – NEGLIGENCE
## ANTOINETTE VIRGILE v. PETER GENEST and DREAMLAND AMUSEMENTS

That Plaintiff, ANTOINETTE VIRGILE, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

20.     That all times material hereto, the Defendant, DREAMLAND AMUSEMENTS, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

21.     That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, DREAMLAND AMUSEMENTS, with their implicit and/or explicit knowledge and/or permission.

22.     That on or about January 31, 2014, Plaintiff, ANTOINETTE VIRGILE, was the passenger of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

23.     That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, DREAMLAND AMUSEMENTS', subject vehicle, collided with the vehicle in which Plaintiff, ANTOINETTE VIRGILE was a passenger.

24.     That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, ANTOINETTE VIRGILE was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries.  Said injuries are permanent and are continuing in nature and the Plaintiff, ANTOINETTE VIRGILE, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, ANTOINETTE VIRGILE, prays for entry of a Judgment against the Defendants, PETER GENEST and DREAMLAND AMUSEMENTS, INC., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT IV – NEGLIGENCE
### YVANE LAURENT v. PETER GENEST and DREAMLAND AMUSEMENTS

That Plaintiff, YVONE LAURENT, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

25.     That all times material hereto, the Defendant, DREAMLAND AMUSEMENTS, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

26.     That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, DREAMLAND AMUSEMENTS, with their implicit and/or explicit knowledge and/or permission.

27.     That on or about January 31, 2014, Plaintiff, YVANE LAURENT, was the passenger of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

28.     That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, DREAMLAND AMUSEMENTS', subject vehicle, collided with the vehicle in which Plaintiff, YVANE LAURENT was a passenger.

29.     That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, YVANE LAURENT was injured in and about her body and extremities and/or

aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries.  Said injuries are permanent and are continuing in nature and the Plaintiff, YVANE LAURENT, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, YVANE LAURENT, prays for entry of a Judgment against the Defendants, PETER GENEST and DREAMLAND AMUSEMENTS, INC., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

### COUNT V – NEGLIGENCE
### MIRLANDE VIRGIL v. PETER GENEST and CROSSROADS TRUCKING

That Plaintiff, MIRLANDE VIRGIL, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

30.     That all times material hereto, the Defendant, CROSSROADS TRUCKING, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

31.     That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, CROSSROADS TRUCKING, with their implicit and/or explicit knowledge and/or permission.

32.     That on or about January 31, 2014, Plaintiff, MIRLANDE VIRGIL, was the driver of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

33.     That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, CROSSROADS TRUCKING's, subject vehicle, collided with the vehicle in which Plaintiff, MIRLANDE VIRGIL was driving.

34.     That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, MIRLANDE VIRGIL was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries.  Said injuries are permanent and are continuing in nature and the Plaintiff, MIRLANDE VIRGIL, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, MIRLANDE VIRGIL, prays for entry of a Judgment against the Defendants, PETER GENEST and CROSSROADS TRUCKING CORP., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

### COUNT VI – NEGLIGENCE
### ANTONIO VIRGILE v. PETER GENEST and CROSSROADS TRUCKING

That Plaintiff, ANTONIO VIRGILE, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

35.     That all times material hereto, the Defendant, CROSSROADS TRUCKING, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

36.     That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, CROSSROADS TRUCKING, with their implicit and/or explicit knowledge and/or permission.

37.     That on or about January 31, 2014, Plaintiff, ANTONIO VIRGILE, was the passenger of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

38.     That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, CROSSROADS TRUCKING's, subject vehicle, collided with the vehicle in which Plaintiff, ANTONIO VIRGILE was a passenger.

39.     That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, ANTONIO VIRGILE was injured in and about his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries.  Said injuries are permanent and are continuing in nature and the Plaintiff, ANTONIO VIRGILE, will continue to suffer said impairments in the future.


WHEREFORE the Plaintiff, ANTONIO VIRGILE, prays for entry of a Judgment against the Defendants, PETER GENEST and CROSSROADS TRUCKING CORP., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

### COUNT VII – NEGLIGENCE
### ANTOINETTE VIRGILE v. PETER GENEST and CROSSROADS TRUCKING

That Plaintiff, ANTOINETTE VIRGILE, realleges all of the allegations contained in

paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

40.    That all times material hereto, the Defendant, CROSSROADS TRUCKING, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

41.    That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, CROSSROADS TRUCKING, with their implicit and/or explicit knowledge and/or permission.

42.    That on or about January 31, 2014, Plaintiff, ANTOINETTE VIRGILE, was the passenger of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

43.    That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, CROSSROADS TRUCKING's, subject vehicle, collided with the vehicle in which Plaintiff, ANTOINETTE VIRGILE was a passenger.

44.    That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, ANTOINETTE VIRGILE was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of his injuries.  Said injuries are permanent and are continuing in nature and the Plaintiff, ANTOINETTE VIRGILE, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, ANTOINETTE VIRGILE, prays for entry of a Judgment against the Defendants, PETER GENEST and CROSSROADS TRUCKING CORP., in an amount

in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT VIII – NEGLIGENCE
### YVANE LAURENT v. PETER GENEST and CROSSROADS TRUCKING

That Plaintiff, YVONE LAURENT, realleges all of the allegations contained in paragraphs 1 - 9 as if they were fully and completely set forth herein and further alleges against the Defendant, Defendants as follows:

45.    That all times material hereto, the Defendant, CROSSROADS TRUCKING, owned controlled and maintained a 1999 Freight Tractor, VIN: 1FUYSSEB2XL969061 ("subject vehicle").

46.    That on or about January 31, 2014, the Defendant, PETER GENEST, was driving the subject vehicle owned by Defendant, CROSSROADS TRUCKING, with their implicit and/or explicit knowledge and/or permission.

47.    That on or about January 31, 2014, Plaintiff, YVANE LAURENT, was the passenger of a 2014 Toyota Camry, VIN: 4T1BF1FK8EU748593.

48.    That on the above date and time, the Defendant, PETER GENEST, while carelessly and negligently operating Defendant, CROSSROADS TRUCKING's, subject vehicle, collided with the vehicle in which Plaintiff, YVANE LAURENT was a passenger.

49.    That as direct and proximate result of the Defendant, PETER GENEST's, negligence, Plaintiff, YVANE LAURENT was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and

treatment of his injuries.  Said injuries are permanent and are continuing in nature and the Plaintiff, YVANE LAURENT, will continue to suffer said impairments in the future.

WHEREFORE the Plaintiff, YVANE LAURENT, prays for entry of a Judgment against the Defendants, PETER GENEST and CROSSROADS TRUCKING CORP., in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and PLAINTIFF further demands trial by jury of all issues in this cause so triable as a matter of right.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward
(954) 577-2215 Facsimile

_____
ROBERT C. SOLOMON, ESQ.
Fla. Bar No. 27054

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR ST. LUCIE COUNTY, FLORIDA

MIRLANDE VIRGIL,                                    CASE NO.: 562015CA000532 (AN)
ANTONIO VIRGILE,
ANTOINETTE VIRGILE,
and YVANE LAURENT

              Plaintiffs,

vs.

PETER GENEST,
CROSSROADS TRUCKING CORP.,
and DREAMLAND AMUSEMENTS, INC.,

              Defendants.
_____/

### PLAINTIFF'S REQUEST FOR PRODUCTION

Plaintiffs, MIRLANDE VIRGIL, ANTONIO VIRGILE, ANTOINETTE VIRGILE and YVANE LAURENT, by and through the undersigned counsel and pursuant to the Florida Rules of Civil Procedure, hereby request the Defendant, CROSSROADS TRUCKING CORP., to produce the following documents for inspection and copying at the Law Office of Saban & Solomon, 150 N. University Drive, Suite 200, Plantation, Florida 33324, within the time period prescribed by the aforementioned Rule:

1.  A complete copy of each and every record, video, memo, affidavit and/or document of any type which in anyway supports the Defendants' affirmative defenses.

2.  Any and all statements (sworn and unsworn) including but not limited to affidavits which in anyway possible support the defense raised by the Defendants in their affirmative defenses.

3.  A complete copy of each and every CD, DVD, video, digital recording and/or any type of recording of any type which in anyway supports the Defendants' affirmative defenses.

4.  Defendant is requested to produce a copy of any and all statements (as defined in the

Rules of Civil Procedure) concerning this action or the subject matter of this action.

5. Defendant is requested to produce any photographs of the Defendant's vehicle showing any marks or damage on said vehicle, which were the result of the accident described in the Complaint.

6. Defendant is requested to produce any written document, repair estimate or report of examination describing in any way the nature and extent of the damage to Plaintiff and Defendant's property which occurred as a result of the accident described in the Complaint or any such documents reflecting conditions of the Defendant's property immediately prior to the accident described in the Complaint which said conditions have subsequently been repaired or corrected or no longer exist.

7. Repair estimates for damages to Defendant's tractor and trailer which was involved in this wreck.

8. Repair estimates for damages to Plaintiff's vehicle which was involved in this wreck.

9. A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

10. Log of System Modifications: You are to maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

11. Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

12. Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

13. Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21.

14. Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning your driver.

15. Your driver's qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

16. Copies of all MVR's reflecting your driver's past driving record.

17. Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

18. Inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

19. Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.

20. Results of all drug and alcohol tests administered to your driver since the beginning of his employment to the current date.

21. Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol testing.

22. A copy of any Accident Register or master ledger of accidents, which you maintain. Plaintiff seeks all such registers for the three years immediately prior to this wreck through and including the date of said wreck.

23. Any and all call-in reports or "accident call records" generated pertaining to this wreck.

24. The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the wreck through and including 10

days after the wreck.

25. Copies of any and all daily vehicle inspection reports concerning the subject tractor and trailer involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

26. Copies of the complete maintenance records for your tractor and trailer involved in this wreck for the 6 months prior to and including the wreck.

27. Copies of all lease, rental and/or other agreements regarding the truck, trailer and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

28. Any and all of your driver's fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about your driver for the period commencing 6 months prior to the collision to 30 days after the collision.

29. Copies of any and all DOT and State agency reviews of your company for the period commencing 10 years prior to this collision, to the present time.

30. All records showing any and all payments associated with all lease, rental and other agreements identified in response to the preceding request, from January 1, 2000 to present.

31. All claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck.

32. Copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck.

33. Copies of the title and latest tag receipt for the vehicles (tractor and trailer) involved in the present collision.

34. Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

35. Copies of any documents or writings, which you contend support any contention that this wreck was the fault of any other person or entity.

36. A copy of all documents showing your authority to operate your trucks through the State of Florida (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

37. Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in effect at the time of the wreck described in Plaintiff's Complaint.

38. Copies of all bi-annual medical reviews for your driver during the last ten years.

39. Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

40. A copy of the MC-50 B or T prepared as a result of this wreck.

41. Any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

42. The driver's complete driver qualification file, as required by 49 C.F.R. 391-51, including but not limited to:
    a. Application for employment
    b. CDL license
    c. Driver's certification of prior traffic violations
    d. Driver's certification of prior collisions
    e. Driver's employment history
    f. Inquiry into driver's employment history
    g. Pre-employment MVR
    h. Annual MVR
    i. Annual review of driver history
    j. Certification of road test
    k. Medical examiner's certificate
    l. Drug testing records
    m. HAZMAT or other training documents

43. The driver's post-collision alcohol and drug testing results.

44. The collision register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.

45. All  OmniTRAC,  Qualcomm,  MVPc,  QTRACS,  OmniExpress,  TruckMail,

TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision and the day of the collision, for this driver, truck, and trailer.

46. Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the collision as well as the day of the collision.

47. Accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by the driver and/or truck involved in the collision for thirty (30) days prior to the date of the collision as well as the day of the collision.

48. The entire personnel file of the driver involved in this collision.

49. All letters, reports, and written material from a government entity involving safety, and safety ratings for the company and driver to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on your company or driver pursuant to SAFERSYS or CSA 2010.

50. All files, including prior drafts, "deleted" files and file fragments, containing information from electronic calendars and scheduling programs regarding or related to safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

51. All electronic data files, including prior drafts, "deleted" files and file fragments about or related to safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

52. Replacement of Data Storage Devices: You or your agents are not to dispose of any electronic data storage devices and/or media that may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed above.

53. Fixed Drives on Stand-Alone Personal Computers and Network Workstations: With

regard to electronic data meeting the criteria listed above, which existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this Request's delivery: You are not to alter or erase such electronic data, and not to perform other procedures (such as data compression and disk defragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

54. Programs and Utilities: You are to preserve copies of all application programs and utilities, which may be used to process electronic data covered by this Request.

55. The front and back of the driver's daily logs and his co-driver's logs (if any) for the day of the collision, and the six month period preceding the collision, together with all material required by 49 C.F.R. 396.8 and 395.15 for the driver(s) involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party.

56. All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision, to include all existing daily inspection reports for the tractor and trailer involved in this collision.

57. All existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the above collision.

58. All annual inspection reports for the tractor and trailer involved in the above collision, covering the date of the collision.

59. Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

60. Any lease contracts or agreements covering the driver or the tractor or trailer involved in this collision.

61. Any interchange agreements regarding the tractor or trailer involved in this collision.

62. Any computer data from the tractor-or trailer to include but not be limited to: any data

and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

63. Any post-collision maintenance, inspection, or repair records or invoices in regard to the tractor and trailer involved in the above collision.

64. Any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, to include expense sheets and settlement sheets regardless of type (to specifically include Comdata or similar vendor reports), for the truck driver pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision.

65. Any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

66. Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

67. Any drivers' manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

68. Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision at any time.

69. Any DOT or PSC reports, memos, notes or correspondence concerning the driver or the tractor or trailer involved in this collision.

70. Any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

71. Any and all computer, electronic, or e-mail messages created in the first forty eight hours immediately after the incident, by and between the defendant and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

72. If not previously listed, all documents required by Federal Motor Carrier Safety Regulation 395.8, specifically those items identified in the Department of Transportation's interpretation of the regulation in its Answer to Question 53, a copy of which is attached.

73. Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, the truck, or the trailer.

74. All correspondence and documents regarding any safety issue for the company and the driver to include but not be limited to the initiation, investigation and final conclusion of any:
    a.  warning letters,
    b.  targeted roadside inspections,
    c.  any off-site investigation,
    d.  any on-site investigation,
    e.  any cooperative safety plan,
    f.  any notice of violation,
    g.  any notice of claim/settlement agreement, and
    h.  any document that stated the company or the driver were unfit.

75. Any document that found the driver or the company deficient in any BASIC (Behavior Analysis and Safety Improvement Categories) category.

76. The BASIC measurements for the trucking company or driver for three year prior to the collision.

77. Any correspondence regarding the company or the driver objecting to, or asking for a correction of, any BASIC measurement or FMCSA intervention.

78. The Pre-Employment Screening Program (PSP) report on the driver for each month for the three years prior to the collision.

79. Any documents showing inquiry by the trucking company for any PSP reports of the driver for the three years prior to the collision.

80. Copy of the carrier profile maintained by MCMIS (Motor Carrier Management Information System) for the three years prior to the collision.

81. All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

82. Courts have made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, e.g., Easley, McCaleb & Assocs., Inc. v. Perry, No. E-2663 (Ga. S. Ct. July 13, 1994; "deleted" files on a party's computer hard drive held to be discoverable, and plaintiff's expert was allowed to retrieve all recoverable files); Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N.Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); Gates Rubber Co. v. Bando Chemical Indus., Ltd., 167 F.R.D. 90, 112 (D. Colo. 1996; mirror-image copy of everything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and Northwest Airlines, Inc. v. Teamsters Local 2000, 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an illegal "sick-out" on the Internet). Accordingly, electronic data and storage media that may be subject to our discovery requests and that your client(s) are obligated to maintain and not alter or destroy, include but are not limited to the following: Introduction: description of files and file types sought:

   a. All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your computers and their backup media (e.g., other hard drives, backup tapes, floppy disks, DVD's, Jaz cartridges, CD-ROMs, etc.) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, you are to preserve all of your e-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of

document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the workstation of each employee and/or agent in your employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. Further, you are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from the time of the accident of November 27, 2008 to the present. You are also not to pack, compress, purge or otherwise dispose of files and parts of files unless a true and correct copy of such files is made.   You are also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

b. Business Records:  All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.

c. Online Data Storage on Mainframes and Minicomputers:  With regard to online storage and/or direct access storage devices attached to your mainframe computers and/or minicomputers: they are not to modify or delete any electronic data files, "deleted" files and file fragments existing at the time of this Request's delivery, which meet the definitions set forth in this Request, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation.

d. Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:  With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of this Request's delivery, contained any electronic data meeting the criteria listed above: You are to stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in

whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with their computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether computer systems.

83. All e-mails, and information about e-mails (including message contents, header information and logs of e-mail system usage) sent or received by the driver and co-driver involved in the collision for period of time involving the collision and the seven (7) days before and after the collision.

84. All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to company safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

85. All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to company safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

86. All electronic documents and the storage media on which they reside which contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist. Our discovery requests will ask for certain data on the hard disks, floppy disks and backup media used in your computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

87. All word processing files, including prior drafts, "deleted" files and file fragments, containing information about or related to safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

88. With regard to electronic data created by application programs which process financial, accounting and billing information, all electronic data files, including prior drafts, "deleted" files and file fragments, containing information about or related to safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

89. Personal Computers Used by Your Employees and/or Their Secretaries and Assistants: The following steps should immediately be taken in regard to all personal computers used by your employees and/or their secretaries and assistants:
   a. to fixed drives attached to such computers: (i) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and listings are to be preserved until this matter reaches its final resolution.
   b. All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of delivery of this Request containing any electronic data relating to this matter are to be collected and put into storage for the duration of this lawsuit.

   I HEREBY CERTIFY that a copy of the foregoing was served upon the Defendant with the Complaint filed herein.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215

_____
ROBERT C. SOLOMON, ESQ.
Fla. Bar No. 27054

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562015CA000532 (AN)

MIRLANDE VIRGIL,
ANTONIO VIRGILE,
ANTOINETTE VIRGILE,
and YVANE LAURENT

               Plaintiffs,

vs.

PETER GENEST,
CROSSROADS TRUCKING CORP.,
and DREAMLAND AMUSEMENTS, INC.,

               Defendants.

_____/

## NOTICE OF PROPOUNDING INTERROGATORIES

COMES NOW the Plaintiffs, MIRLANDE VIRGIL, ANTONIO VIRGILE, ANTOINETTE VIRGILE and YVANE LAURENT, by and through the undersigned attorney, and pursuant to the Florida Rules of Civil Procedure, hereby propound the attached written Automobile Interrogatories, to the Defendant, CROSSROADS TRUCKING CORP, to be answered under oath, in writing, within forty five (45) days from the date of receipt hereof.

I HEREBY CERTIFY that an original and a copy of the foregoing was served upon the Defendant with the Complaint filed herein.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward
(954) 577-2215 Facsimile

   /s/ Robert Solomon
ROBERT C. SOLOMON, ESQ.
FBN: 27054

## INTERROGATORIES TO DEFENDANT

1.     What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     List all former names and when you were known by those names.  State all addresses where you have lived for the past ten years, the date you lived at each address, your social security number, and your date of birth.

3.     Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted punishable was by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime, the date and place of conviction.

4.   Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiffs' complaint, detailing such policies as to:

a)   Name of the insurer;

b)   Policy number;

c)   Effective dates of the policy;

d)   Available limits of liability; and

e)   Name and address of the custodian of the policy.

5.   Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

6.   Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.   State the facts upon which you rely for each affirmative defense in your answer.

8.   Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.   Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so, pleas describe:

   a)   The nature of the charge;

   b)   What plea, or answer, if any, did you enter to the charge;

   c)   What court or agency heard the charge;

   d)   Was any written report prepared by anyone regarding the charge, and if so, what is the name and address of the person or entity who prepared the report;

    e)       Do you have a copy of the report, and;

    f)       Was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony?

10.    List the names and address of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.    Have you heard or do you know about any statement or remark made by or on behalf of any party of this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it and the date, time, place and substance of each statement.

12.    State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and summary of the grounds for each opinion.

14.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.



15.   Please state if you have ever been a party either plaintiff or defendant, in a lawsuit other than the present matter, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.   Do you wear glasses, contact lenses or hearing aids?  If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

17.   Were you suffering from any physical infirmity, disability, or sickness at the time of the incident described in the complaint?  If so, what was the nature of the infirmity, disability, or sickness?

18. Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in this complaint? If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed, and when and where you consumed them.

19. Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

20. List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint, and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year and vehicle identification number.

21.    At the time of the incident described in the complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle?  If so, state the names and addresses of all persons who have permission.

22.    At the time of the incident described in the complaint, were you engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

23.    Was the motor vehicle that you were driving at the time of the incident described in the complaint damaged in the incident and if so, what was the cost to repair the damage?

24.     At the time of the incident described in the complaint, were you wearing a seat belt?  If no, please state why not; where you were seated in the vehicle; and whether the vehicle was equipped with a seat belt that was operational and available for your use.

25.     Is Defendant aware of any statements by any persons who allegedly have any knowledge or information regarding the subject incident or any issue raised in this lawsuit?  If so, give the name and address of each person who made such statement, and the name and address of all persons or entities who are in possession of such statements or copies thereof.

26.     Describe in detail the contents of your vehicle just prior to the subject accident, and specify the approximate size and weight of all objects inside any part of your vehicle, including the passenger compartment and trunk.

## **NOTARY CERTIFICATE**

STATE:                     )
                                        SS.:
COUNTY:                      )


BEFORE ME, the undersigned authority, personally appeared_____,

who being by me first duly sworn, deposes and says that he/she executed the foregoing Answers to

Interrogatories, and that they are true and correct to the best of his/her knowledge and belief.


WITNESS, my hand and Official Seal, at _____County, Florida, this _____ day of

_____ 2015.


_____
NOTARY PUBLIC, State of Florida

My Commission Expires: